# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 589 | **DATE** | 12/9/2011 |
| **CASE TITLE** | B.S.N. Group, Inc. vs. Bagchi | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Court strikes Plaintiff's motions for summary judgment [50, 52] and memoranda [51, 53]. Plaintiff is given leave to file another summary judgment motion and supporting materials that comply with the local and federal rules. Plaintiff also is reminded that because Defendant is no longer represented by counsel, Plaintiff must file a Local Rule 56.2 statement along with any renewed motion for summary judgment. Defendant is given 21 days from the date of filing of Plaintiff's renewed motion to respond. If Defendant fails to respond, the Court will consider the motion on the brief and supporting materials of Plaintiff alone.

■[ For further details see text below.]   Docketing to mail notices. Notices mailed by Judicial staff.

## STATEMENT

In ruling on a motion for summary judgment, the Court, without prompting, conducts its own examination of the parties' compliance with Local Rule 56.1 to determine if the parties' submissions comply with the local rules and with Federal Rule of Civil Procedure 56. See *Cichon v. Exelon Generation Co.,* 401 F.3d 803, 809 (7th Cir.2005) (explaining that the court may ignore facts when litigant fails to comply with LR 56.1); see also *Allen v. HSBC-North America (U.S.) Retirement Income Plan*, 2011 WL 3876585, at *4 (N.D. Ill. Sept. 1, 2011). Specifically as to Local Rule 56.1, the Seventh Circuit has "repeatedly held that a district court is entitled to expect strict compliance with [Local] Rule 56.1." *Ammons v. Aramark Unif. Servs., Inc.,* 368 F.3d 809, 817 (7th Cir. 2004) (citing *Bordelon v. Chicago Sch. Reform Bd. of Trs.,* 233 F.3d 524, 527 (7th Cir.2000) and *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 922 (7th Cir.1994)). Local Rule 56.1 *requires specifically* that a litigant seeking summary judgment file "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law * * *." Local Rule 56.1(a)(3); see also *Ammons,* 368 F.3d at 817; *Smith v. Lamz,* 321 F.3d 680, 682 n. 2 (7th Cir. 2003); *Midwest Imports, Ltd. v. Coval,* 71 F.3d 1311, 1312 (7th Cir. 1995). The Seventh Circuit has stated on a number of occasions, "[a] local rule of a federal district court is written by and for district judges to deal with the special problems of their court, and we are disposed therefore to give a district judge's interpretation of his court's local rules * * * considerable weight." *Midwest Imports,* 71 F.3d at 1312.

Plaintiff filed a two motions for summary judgment [50] and supporting memoranda (one set deemed "amended"), but failed to comply with Local Rule 56.1, which requires that a litigant file a separate statement of facts. In view of that omission, the Court strikes Plaintiff's motions for summary judgment and memoranda [50, 51, 52, 53] without prejudice and with leave to file another summary judgment motion and supporting materials that comply with the local and federal rules. Plaintiff also is reminded that because Defendant is no longer represented by counsel, Plaintiff must file a Local Rule 56.2 statement along with any renewed motion

| STATEMENT |
|---|
| for summary judgment. Defendant is given 21 days from the date of filing of Plaintiff's renewed motion and supporting materials to respond. In view of the age of the case and the delays in its disposition on account of Defendant's difficulties in obtaining and retaining counsel, the Court will endeavor to issue a ruling as expediently as possible after briefing is complete (or the deadlines pass without response from Defendant, if that should be the case). |