# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| B.S.N. Group, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 09-CV-589 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| ABHISHEK BAGCHI, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff B.S.N. Group, Inc.'s motion for summary judgment [58]. For the following reasons, the Court grants Plaintiff's motion for summary judgment [58] and enters judgment in favor of Plaintiff B.S.N. Group, Inc. and against Defendant Abhishek Bagchi.

**I.  Background**[1]

Defendant Abhishek Bagchi has wholly failed to litigate this matter. He failed to appear for numerous status hearings (including telephonic status conferences) and failed to respond to discovery. In light of Defendant's failure to litigate this matter, Plaintiff B.S.N. Group, Inc. ("BSN") filed its motion for summary judgment on June 12, 2012, and certified that it had served Defendant with the motion, the memorandum, the statement of facts, and the required notice to

---

[1] Local Rule 56.1 requires that statements of fact contain allegations of material fact and that the factual allegations be supported by admissible record evidence. See L.R. 56.1; *Malec v. Sanford*, 191 F.R.D. at 583-85 (N.D. Ill. 2000). In this matter, Plaintiff filed a Local Rule 56.1(a) Statement of Material Facts. Defendant did not respond to Plaintiff's statement or file a Statement of Additional Undisputed Facts. Because Defendant failed to file his own statement of facts or contest Plaintiff's facts, the Court takes the relevant facts from Plaintiff's Local Rule 56.1 Statement of Undisputed Material Facts. See *Brasic v. Heinemann's Bakeries, Inc., Inc.,* 121 F.3d 281, 284 (7th Cir. 1997); see also *Jupiter Aluminum Corp. v. Home Insurance Company,* 225 F.3d 868, 870-71 (7th Cir. 2000).

*pro se* litigant. Defendant has not responded to any of these filings. Because Defendant has failed to controvert (or even respond to) Plaintiff's statement of facts, the Court deems those facts admitted so far as they are supported by admissible record evidence.

Plaintiff BSN, a processor and supplier of scrap metals, is incorporated in Illinois and has its principal place of business in Glendale Heights, Illinois. BSN trades recyclable metals from major suppliers to scraping warehouses. Defendant Bagchi also was in the business of trading, processing, or recycling scrap metals. Bagchi and BSN entered into a series of business transactions in 2007. After several months, Bagchi incurred a debt of $114,000. According to Plaintiff and not disputed by Defendant, part of the debt arose out of a failed transaction in July 2007. Bagchi told Irfan Salam, founder and owner of BSN, that he had secured a container of recyclable metal that was ready for delivery. On behalf of BSN, Salam paid Bagchi $46,000 to purchase the container. When the container arrived, it was empty.

On or about October 31, 2007, Defendant acknowledged the debt by executing a promissory note for $114,000 with BSN. The Note required that the debt be paid off by November 30, 2007. Only $25,000 has been paid towards the Note, leaving an amount owed of $89,000, plus interest. BSN satisfied all of its obligations under the Note. Once Defendant failed to pay the amount owed by the November 30, 2007 deadline, BSN contacted him several times. BSN was forced to hire an attorney to collect the debt. BSN's attorney sent a demand letter to Defendant on March 3, 2008. Defendant ignored these demands and later moved to Alaska. Plaintiff then filed a two-count complaint alleging breach of contract and fraud.

Prior to its most recent filing, Plaintiff filed two motions for summary judgment [50], but failed to comply with Local Rule 56.1, which requires that a litigant file a separate statement of facts. The Court struck Plaintiff's motions for summary judgment and memoranda [50, 51, 52,

53] without prejudice and with leave to file another summary judgment motion and supporting materials that complied with the local and federal rules. The Court also reminded Plaintiff that because Defendant is no longer represented by counsel, Plaintiff must file a Local Rule 56.2 statement along with any renewed motion for summary judgment. Plaintiff has complied with the Court's directives, and Plaintiff's most recent summary judgment motion is ready for disposition.

## II.   Summary Judgment Standard

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (a). On cross-motions for summary judgment, the Court construes all facts and inferences "in favor of the party against whom the motion under consideration is made." *In re. United Air Lines, Inc.,* 453 F.3d 463, 468 (7th Cir. 2006) (quoting *Kort v. Diversified Collection Servs., Inc.,* 394 F.3d 530, 536 (7th Cir. 2005)); see also *Gross v. PPG Industries, Inc.*, 636 F.3d 884, 888 (7th Cir. 2011); *Foley v. City of Lafayette, Ind.*, 359 F.3d 925, 928 (7th Cir. 2004). To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal quotation marks and citation omitted).

A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. The

party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the opposing] position will be insufficient; there must be evidence on which the jury could reasonably find for the [opposing party]." *Anderson*, 477 U.S. at 252.

### III. Analysis

#### A. Breach of Contract

At the heart of Plaintiff's complaint is its claim for breach of contract. The required elements of a breach of contract claim in Illinois are: "(1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by the plaintiff of all required conditions, (5) breach, and (6) damages." *Association Benefit Services, Inc. v. Caremark RX, Inc.,* 493 F.3d 841, 849 (7th Cir. 2007), quoting *MC Baldwin Fin. Co. v. DiMaggio, Rosario & Veraja, LLC,* 845 N.E.2d 22, 30 (2006); see also *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 560 (7th Cir. 2012). This action presents a matter of contract interpretation. The basic rules of contract interpretation are well settled. In construing a contract, the primary objective is to give effect to the intent of the parties. *Gallagher v. Lenart*, 874 N.E.2d 43, 58 (2007). When a contract is unambiguous, interpretation of a contract is a matter of law that is particularly suited to disposition by summary judgment. *United States v. 4500 Audeck Model No. 5601 AM/FM Clock Radios*, 220 F.3d 539, 542-43 (7th Cir. 2000).

Plaintiff BSN has met all of the elements to prove its claim for breach of contract. Defendant Bagchi accrued a debt of $114,000 owed to BSN. After several demands for repayment, BSN agreed to enter into a promissory note ("the Note") for the amount owed. The Note detailed the terms of the agreement. Bagchi defaulted on the Note after paying only

$25,000. It is undisputed that Bagchi has failed to make all payments and is in default. Pursuant to the clear and unambiguous language of the Note, the entire unpaid balance of the Note ($89,000) therefore is due and payable according to the terms of the Note. Bagchi's failure to pay constitutes a material breach of the contract and has caused Plaintiff to incur at least $89,000 in damages. As Defendant did not dispute any of Plaintiff's facts, there also is no dispute that the total indebtedness is $89,000, as provided for in the Note, plus any unpaid interest within the bounds of what is allowed in Illinois.

### B. Fraudulent Misrepresentation

BSN also has brought a claim for fraudulent misrepresentation under Illinois law. The elements of a claim of fraudulent misrepresentation in Illinois are: "(1) [a] false statement of material fact (2) known or believed to be false by the party making it; (3) intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from that reliance. *Dloogatch v. Brincat,* 920 N.E.2d 1161, 1166 (2009); see also *Wigod*, 673 F.3d at 569. Here, BSN relied on representations made by Bagchi regarding the delivery of a container of scrap metal in July 2007. Bagchi made the statement so that BSN would pay him $46,000. BSN then made the payment in justifiable reliance on Bagchi's statement and their prior business relationship. After paying Bagchi, BSN discovered that the container did not contain any scrap metal. Because Bagchi failed to respond to any discovery or to Plaintiff's summary judgment materials (despite ample time to do so), it is undisputed that Bagchi knew that his statement was false and that the statement would induce BSN to pay him. Because of Bagchi's misrepresentation, BSN suffered damages of at least $46,000. However, those damages are part of the $89,000 damages already awarded in ruling on Plaintiff's breach of contract claim.

**IV.    Conclusion**

For these reasons, the Court grants Plaintiff's motion for summary judgment [58]. Judgment is entered in favor of Plaintiff B.S.N. Group, Inc. and against Defendant Abhishek Bagchi on Plaintiff's claims in the amount of $89,000 plus unpaid interest. Plaintiff's request for attorneys' fees is denied at this time. In the event that Plaintiff wishes to pursue attorneys' fees, Plaintiff must file detailed documentation within two weeks from the date of this order to support its request, as well as legal authority for its position, which it has not done to date.

Dated:  September 26, 2012  _____
Robert M. Dow, Jr.
United States District Judge